Electronically Filed - Jackson - Kansas City - January 23, 2019 - 10:34 AM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| GREGORY STILLMAN<br>7321 Cedar Ave.<br>Raytown, MO 64113<br><br>   Plaintiff,<br>v.<br><br>WALMART STORES EAST I, L.P.,<br>SERVE:<br>CT CORPORATION SYSTEM<br>120 SOUTH CENTRAL AVE.<br>CLAYTON, MO 63105<br><br>   Defendant. | Case No.:<br>Division: |

## PETITION FOR DAMAGES

Plaintiff Gregory Stillman brings this action against Defendant Walmart Stores East I, LP and alleges the following:

### PARTIES AND JURISDICTION

1. Plaintiff Gregory Stillman is an individual residing in Raytown, Jackson County, Missouri.

2. Defendant Walmart Stores East I, L.P. ("Walmart") is a foreign limited partnership, formed under the laws of the State of Delaware. Walmart is in good standing with, and registered to conduct business in the State of Missouri.

3. Defendant Walmart may be served on their registered agent at CT Corporation System, 120 South Central Avenue, Clayton, Missouri, 63105.

4. All of the actions resulting in this lawsuit occurred in Jackson County, Missouri. As such, venue and jurisdiction are properly before this Court.

warning, striking Plaintiff on the head.

16. As a direct result of the overhead door falling on Plaintiff's head, Plaintiff suffered, among other things, a concussion, lacerations, bruising and swelling to his head.

17. The force of the impact of the door shattered Plaintiff's sunglasses, which were sitting on top of his head at the time of the accident.

18. After the overhead door struck Plaintiff, a manager was contacted and came to the front of the store to investigate the scene with Plaintiff.

19. On the day of the accident, Plaintiff put the manager on notice to preserve all security footage of the incident.

20. Thereafter, Plaintiff witnessed the manager unsuccessfully attempt to raise the overhead door back-up using a manual chain-link hoist.

21. On the day of the accident, there were no hazard signs, safety tape, or any other attempt by Walmart to provide notice that the overhead door posed a safety risk to customers entering the Garden Center at the Raytown Supercenter.

## COUNT I – NEGLIGENCE

22. The previous paragraphs in this Petition are incorporated in this Count as if fully stated herein.

23. Defendant Walmart had control and possession of the premises at the Raytown Supercenter on March 9, 2018, including the Garden Center entrance.

24. On March 9, 2018, the Garden Center's overhead door was in a dangerous condition that posed an unreasonable risk of harm to public invitees.

Electronically Filed - Jackson - Kansas City - January 23, 2019 - 10:34 AM

25. As a business open to the public and operating in Missouri, Defendant Walmart has a duty to ensure entrances are maintained safely so as not to create dangerous conditions to public invitees, such as Plaintiff.

26. This duty includes, but is not limited to, ensuring that proper safety measures are taken with respect to entrances with heavy overhead doors.

27. Walmart breached this duty by allowing the overhead door at the Garden Center to fall and crash into Plaintiff.

28. Defendant Walmart failed to use reasonable care to maintain the overhead entrance to the Garden Center by one or more of the following:

   a. failing to maintain the overhead door in a safely functioning manner;

   b. failing to properly use or maintain the overhead door's safety stop mechanism(s) that should have prevented it it from falling and injuring Plaintiff; and

   c. failing to warn Plaintiff that the overhead door posed an unreasonable risk of harm to customers entering the Garden Center.

29. As a direct and proximate result of Defendant's negligence, Plaintiff immediately suffered a concussion, lacerations, bruising and swelling to his head, and severe emotional trauma. Defendant's negligence has caused great pain and suffering to Plaintiff, which will continue in the future. To this day, complications caused by Walmart's negligence include, but are not limited to, headaches, memory loss, dizziness, neck and back pain, nausea, confusion, speech issues, and a loss of hearing. Further, Plaintiff has received, and will continue to receive, medical

treatment for the injury caused by Walmart. Plaintiff has suffered economic losses caused by, among other things, lost wages.

30. Walmart's negligence in maintaining the overhead door at the Garden Center of the Raytown Supercenter was the legal and proximate cause of Plaintiff's injuries, as set forth in this Petition for Damages, and has caused Plaintiff damages **in excess of twenty-five thousand dollars ($25,000.00)**.

**WHEREFORE**, Plaintiff Gregory Stillman prays for judgment against Defendant Walmart Stores East I, L.P. in an amount in excess of $25,000.00 and for such other relief as the Court deems just and proper.

Respectfully submitted,

MONTEE LAW FIRM, P.C.

*/s/ James Montee*
JAMES A. MONTEE, #33489
AMANDA J. MONTEE, #65054
P.O. Box 127
St. Joseph, MO 64502
(816) 364-1650
(816) 364-1509 (fax)
monteelaw@outlook.com
amontee@monteelawfirm.com

*Counsel for Plaintiff Gregory Stillman*

Electronically Filed - Jackson - Kansas City - January 23, 2019 - 10:34 AM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| GREGORY STILLMAN | ) | |
| 7321 Cedar Ave. | ) | |
| Raytown, MO 64113 | ) | Case No.: |
| | ) | Division: |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| WALMART STORES EAST I, L.P., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

COME NOW Plaintiff, by and through his attorneys, the Montee Law Firm, P.C., and move this Court for an Order pursuant to Rule 54.03 appointing Dennis Dahlberg and/or Mary Dahlberg and/or Mary Hurley and/or James Mitchell of Dahlberg & Associates, LLC as special process server on Defendant Walmart Stores East I, L.P.'s Registered Agent in the above named cause of action. Plaintiff states that the above-named individual(s) are over the age of eighteen (18) years of age and are not a party in the above captioned matter.

Respectfully submitted,

MONTEE LAW FIRM, P.C.

/s/ *James Montee*
JAMES A. MONTEE, #33489
AMANDA J. MONTEE, #65054
P.O. Box 127
St. Joseph, MO 64502
(816) 364-1650
(816) 364-1509 (fax)
monteelaw@outlook.com
amontee@monteelawfirm.com

*Counsel for Plaintiff Gregory Stillman*

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| GREGORY STILLMAN<br>7321 Cedar Ave.<br>Raytown, MO 64113 | )<br>)<br>)<br>) Case No.:<br>) Division: |
| Plaintiff, | ) |
| v. | )<br>) |
| WALMART STORES EAST I, L.P., | )<br>)<br>) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the following was served concurrently with the service of the Petition for Damages to Defendant Walmart Stores East I, L.P.: the original and two copies of Plaintiff's First Set of Interrogatories, the original and two copies of Plaintiff's First Request for Production of Documents, an electronic disk containing copies of the afore-said discovery requests, and a copy of this Certificate of Service.

MONTEE LAW FIRM, P.C.

_/s/ James Montee_
JAMES A. MONTEE, #33489
AMANDA J. MONTEE, #65054
P.O. Box 127
St. Joseph, MO 64502
(816) 364-1650
(816) 364-1509 (fax)
monteelaw@outlook.com
amontee@monteelawfirm.com

*Counsel for Plaintiff Gregory Stillman*

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

GREGORY STILLMAN,

                              **PLAINTIFF(S),**                      CASE NO. 1916-CV02410
VS.                                                                                DIVISION 7

WALMART STORES EST I, L.P.,

                              **DEFENDANT(S).**

**NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
AND ORDER FOR MEDIATION**

---

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable S MARGENE BURNETT on 13-MAY-2019 in DIVISION 7 at 09:00 AM. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

    a.    A trial setting;

    b.    Expert Witness Disclosure Cutoff Date;

    c.    A schedule for the orderly preparation of the case for trial;

    d.    Any issues which require input or action by the Court;

    e.    The status of settlement negotiations.

Case 4:19-cv-00222-DGK   Document 1-1   Filed 03/22/19   Page 7 of 12

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ S MARGENE BURNETT
S MARGENE BURNETT, **Circuit Judge**

## Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
AMANDA MONTEE, PO BOX 127, ST JOSEPH, MO 64502

JAMES ALBERT MONTEE, MONTEE LAW FIRM P C, P O BOX 127, SAINT JOSEPH, MO 64502

Defendant(s):
WALMART STORES EST I, L.P.

Dated: 29-JAN-2019

MARY A. MARQUEZ
Court Administrator

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☒ AT KANSAS CITY ☐ AT INDEPENDENCE

RE: GREGORY STILLMAN V WALMART STORES EST I, L.P.
CASE NO: 1916-CV02410

TO: JAMES ALBERT MONTEE
MONTEE LAW FIRM P C
P O BOX 127
SAINT JOSEPH, MO 64502

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on 1-23-19. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12 SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:** Please remit a new Motion and Order for Process Server with their current PPS19 numbers. any questions, please call Cheryl at 881-1221.
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost. Collection efforts will be pursued for these costs.**

Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.

Copies electronic noticed, faxed, emailed and/or mailed JANUARY 29, 2019 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

JANUARY 29, 2019          By  *Cheryl Smalley*
Date                          Deputy Court Administrator
                              ☒ 415 East 12th St., Kansas City, Missouri 64106
                              ☐ 308 W. Kansas, Independence, Missouri 64050

# MONTEE LAW FIRM, P.C.

*Please reply to:* P.O. Box 127, Saint Joseph, Missouri 64502-0127
*Saint Joseph:* 816-364-1650    *Toll-free:* 800-788-1996    *Facsimile:* 816-364-1509

James A. Montee*
Susan Montee*
Amanda Montee

James P. Cannon
Christina Smith
Jeffrey Blackwood

January 29, 2019

Jackson County Circuit Court
Clerk of Court

    Re:    Gregory Stillman v. Walmart Stores East I, L.P.
             Case No. 1916-CV02410

To Whom It May Concern:

    Our office intends to use the St. Louis County Sheriff's Department to perfect service of the Defendant. Please disregard the Motion for Special Process Server initially filed with this case.

    Please feel free to contact me if there are any questions or concerns.

                                                            Sincerely,

                                                            */s/ Jes Haugh*

                                                             Jes Haugh
                                                             Paralegal to James Montee



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>S MARGENE BURNETT | Case Number: 1916-CV02410 | |
|---|---|---|
| Plaintiff/Petitioner:<br>GREGORY STILLMAN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JAMES ALBERT MONTEE<br>MONTEE LAW FIRM P C<br>P O BOX 127<br>SAINT JOSEPH, MO 64502 | |
| Defendant/Respondent:<br>WALMART STORES EST I, L.P. | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** WALMART STORES EST I, L.P.
                      **Alias:**
RA: CT CORPORATION SYSTEMS
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

*COURT SEAL OF*



*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

06-FEB-2019          _____
Date                                       Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*     My commission expires: _____     _____
                                       Date                           Notary Public

**Sheriff's Fees**
Summons                  $_____
Non Est                     $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $ 10.00
Mileage                   $_____ ( _____ miles @ $. _____ per mile)
**Total**                       $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 19-SMCC-1364** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:19-cv-00222-DGK    Document 1-1    Filed 03/22/19    Page 11 of 12

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County