# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY STILLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00222-DGK |
| | ) | |
| WALMART STORES EAST I, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER SETTING DEADLINES FOR FILING OF JOINT PROPOSED SCHEDULING ORDER AND FOR RULE 26(f) CONFERENCE

Appended to this order is the "Principles of Civility" adopted by the Kansas City Metropolitan Bar Association. COUNSEL SHOULD BE AWARE THAT THE COURT EXPECTS ADHERENCE TO THE PRINCIPLES BY ATTORNEYS APPEARING IN THIS DIVISION. FURTHER, THE COURT BELIEVES IT TO BE IN THE INTEREST OF ALL CONCERNED FOR PARTIES TO BE AWARE OF THE COURT'S EXPECTATION. TO THAT END, COUNSEL SHALL FORWARD A COPY OF THE PRINCIPLES TO ALL CLIENTS INVOLVED IN THIS ACTION.

Pursuant to Rule 26(f) and Local Rule 26.1(a) the parties shall meet to discuss settlement, make or arrange for Rule 26(a)(1) disclosures, and develop a proposed discovery plan as required by Rule 26(f). This meeting shall take place no later than **May 14, 2019**. Discovery shall commence immediately after this conference is held.

In cases assigned to the Court's Mediation and Assessment Program (MAP), the MAP General Order requires that parties assigned to the outside mediator category electronically file

the Designation of Mediator within 14 calendar days after the Rule 26 meeting and mediate the case within 75 calendar days after the Rule 26 meeting.

The parties shall file a joint proposed scheduling order/discovery plan by **May 28, 2019**. Plaintiff's counsel shall take the lead in preparing the proposed plan. The proposed plan shall comply with Local Rules 16.1(c), 16.1(d), 26.1(c), and 26.1(d). **The proposed plan shall state whether the case will be tried to the Court or to a jury and the anticipated length of the trial.** The proposed trial date shall not be sooner than 180 days after the deadline proposed for filing of dispositive motions.

Pursuant to Rule 26(f)(3)(C) the proposed plan should address any concerns or issues relating to electronically stored information (ESI). If applicable, the plan should address (1) what ESI is available and where it resides; (2) preservation of information; (3) the ease/difficulty and cost of producing such information; (4) the schedule and format of production; and (5) agreements about privilege or work-product protection.

Within fifteen days from the date of this Order, each non-governmental corporate party must file a statement identifying all parent companies, subsidiaries (except wholly owned subsidiaries) and affiliates that have issued shares to the public.

These deadlines will not be stayed absent leave of court. Counsel are directed that the filing of motions, including motions to dismiss or remand, does not automatically stay any of the preceding deadlines.

Counsel are advised that the Court does not wish to receive courtesy copies of motions and other filings unless requested. Rulings on unopposed, non-dispositive motions will be expedited if a proposed order is provided. The proposed order should be typed in WordPerfect 5.1 or later versions or Word format and e-mailed to the courtroom deputy.

With respect to discovery, counsel are reminded that:

1. The number and form of interrogatories and depositions are governed by Rules 30, 31, and 33.

2. The procedure for resolving discovery disputes is governed by Local Rule 37.1.

3. The form of answers to certain discovery requests and the disclosures required by Rule 26 are provided in Local Rule 26.2.

4. The filing of motions does not postpone discovery. See Local Rule 26.1(b).

**IT IS SO ORDERED**

Date: April 12, 2019                    /s/ Greg Kays
                                        GREG KAYS, JUDGE
                                        UNITED STATES DISTRICT COURT

# PRINCIPLES OF CIVILITY

**I**
CIVILITY AND PROFESSIONALISM AMONG ALL LAWYERS IS ESSENTIAL TO THE OPERATION OF OUR LEGAL SYSTEM.

**II**
COMMUNICATE PROFESSIONALLY AND RESPECTFULLY IN ALL FORMS, INCLUDING ELECTRONIC MEDIA. UNLESS SPECIFICALLY PERMITTED OR INVITED BY THE COURT, COMMUNICATIONS BETWEEN LAWYERS SHOULD NOT BE SENT TO THE COURT.

**III**
NEVER KNOWINGLY DECEIVE ANOTHER WHILE ENGAGED IN THE PRACTICE OF LAW.

**IV**
HONOR PROMISES AND COMMITMENTS MADE WHILE ENGAGED IN THE PRACTICE OF LAW.

**V**
RESPECT THE TIME AND SCHEDULE OF OTHERS AND WORK COOPERATIVELY IN SCHEDULING ALL MATTERS.

**VI**
SEEK SANCTIONS ONLY WHEN SUPPORTED BY THE FACTS AND LAW AND SUCH ACTION IS NECESSARY FOR THE PROTECTION OF THE CLIENT.

**VII**
AVOID UNFOUNDED AND UNREASONABLE ATTACKS ON OTHER LAWYERS AND THE JUDICIARY, AND EDUCATE OTHERS SO THAT SUCH ATTACKS ARE MINIMIZED OR ELIMINATED.

**VIII**
WHEN CIRCULATING DOCUMENTS, EXPLICITLY HIGHLIGHT ALL CHANGES PROPOSED.