# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GREGORY STILLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 4:19-cv-00222 |
| v. | ) |
| | ) |
| WAL MART STORES EAST I, LP, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## JOINT STIPULATED PROTECTIVE ORDER

Now before the Court is the parties' Joint Motion for Entry of Protective Order (Doc. 14). Upon review of the parties' proposed protective order, the Court GRANTS the motion, and orders as follows:

1. **Scope**. Materials produced during discovery, including but not limited to initial disclosures, responses and answers to discovery requests, deposition testimony, and exhibits, and information derived directly therefrom (collectively, "documents") concerning Confidential Information (as defined below) shall be subject to this Order. This includes documents produced prior to the entry of this Order that are designated as "CONFIDENTIAL" by the producing party. There is a presumption in favor of open and public judicial proceedings in federal courts. Thus, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. **Confidential Information**. In this Order, "Confidential Information" means information or documents designated as "CONFIDENTIAL" by the producing party. Confidential Information must fall within one of the following categories: (a) information prohibited from disclosure by statute; (b) information revealing trade secrets; (c) research,

1

technical, commercial, or financial information a party has maintained as confidential; (d) personal identity information; (e) income tax returns; and (f) a person's medical information; and (g) personnel employment records of a non-party. Publicly available information and documents may not be designated as Confidential Information.

3. **Designation**.

   (a) **Documents**: A document may be designated as Confidential Information by affixing the word "CONFIDENTIAL" on the document (and all copies) in a manner that does not interfere with the document's legibility. "Copies" include electronic images, duplicates, extracts, summaries, or descriptions containing the Confidential Information. The marking of "CONFIDENTIAL" shall be applied prior to or at the time the documents are produced. Applying the "CONFIDENTIAL" marking to a document does not mean the document has any status or protection by statute or otherwise except for the purposes of this Order.

   (b) **Deposition Testimony**: A party may designate deposition testimony as Confidential Information by advising opposing counsel in writing within thirty days after receipt of the deposition transcript (or another time agreed upon by the parties) of the pages and lines of the deposition containing Confidential Information. Deposition transcripts shall be treated as Confidential Information until the expiration of thirty days after receipt of the transcript, unless otherwise agreed to by the parties. A party may, on the record at the deposition, designate deposition testimony as Confidential Information by identifying what particular portion(s) of the deposition falls under the scope of this Order.

4. **Protection of Confidential Material**.

2

(a) **General Protections**. Confidential Information shall not be used or disclosed by the parties, their counsel, or persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal.

(b) **Limited Third-Party Disclosures**. The parties and their counsel shall not disclose or permit disclosure of Confidential Information to a third person or entity except as set forth below. Subject to these requirements, the following categories of persons may review Confidential Information:

(1) Counsel for the parties and employees of counsel;

(2) The parties, including their employees, agents, and representatives;

(3) The Court and its personnel, including any Special Master appointed by the Court;

(4) Court reporters, recorders, and videographers engaged for depositions;

(5) Independent providers of document reproduction, electronic discovery, or other services retained in connection with this litigation;

(6) Consultants, investigators, or experts employed by a party or the party's counsel to assist in preparation and/or trial of this action but only after the individual executes Attachment A;

(7) Potential, anticipated, or actual fact witness and his/her counsel, but only to the extent the Confidential Information will assist the witness in recalling facts or in testifying, and after the person executes Attachment A. A witness shall not retain documents containing Confidential

Information, except he/she may receive a copy of all exhibits marked at his/her depositions in connection with review of the transcript;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation); and

(9) Mediator appointed by the Court or jointly selected by the parties;

(10) Others by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized and/or inadvertent disclosure of Confidential Information. Counsel must maintain a record of persons who review or have access to Confidential Information. Counsel shall retain the original of any executed Attachment A.

5. **Inadvertent Failure to Designate**. Inadvertent failure to designate a document as "CONFIDENTIAL" will not constitute waiver of a valid claim of confidentiality, if a claim of confidentiality is promptly asserted after discovery of the inadvertent failure.

6. **Filing of Confidential Information**. If a party seeks to file a document containing Confidential Information, the party must take appropriate action to ensure the document receives protection from public disclosure, including (a) filing a redacted document with the designating party's consent; (b) filing a redacted document with the designating party's consent and, after obtaining leave of Court, filing the unredacted document under seal; (c) submitting the document for in camera review; or (d) when the preceding measures are inadequate, seeking leave to file the document under seal by filing a motion. Nothing in this Order will be construed as permission allowing the parties to file any document under seal.

4

7. **No Greater Protection.** Except on privilege grounds, no party shall withhold discoverable information on the ground it requires protection greater than that afforded by this Order unless the party moves for an order providing such protection.

8. **Challenges to Confidential Designation**. Designating a document as "CONFIDENTIAL" is subject to challenge. Before filing a motion or contacting the Court regarding such a challenge, the objecting party must comply with Local Rule 37.1. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court issues a ruling on the challenge, all parties must continue to treat the materials as confidential under the terms of this Order.

9. **Use of Confidential Information at Trial**. Nothing in this Order shall affect the use of Confidential Information at trial. A party intending to present or anticipating another party may present Confidential Information at trial shall bring the issue to the Court's attention by motion or pretrial memorandum without disclosing the Confidential Information. The Court will issue an order, if necessary, governing the use of such documents at trial.

10. **Documents Subpoenaed or Ordered Produced in Other Litigation**.

(a) If a party is served with a subpoena or order issued in other litigation that would compel disclosure of any document designated in this action as Confidential Information, that party must notify (in writing) the designating party immediately and include a copy of the subpoena or court order with his/her notice.

(b) The receiving party must immediately inform (in writing) the entity that caused the subpoena or order to issue in the other litigation that some or all of the material sought or ordered is the subject of this Order. A copy of this Order must accompany the notice.

5

(c) The purpose of imposing these duties is to alert the interested entity to this Order and afford the designating party in this case an opportunity to protect its Confidential Information in the other litigation. The designating party bears the burden and expense of seeking protection in that court, and nothing in this Order should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. These obligations remain in effect while the party has Confidential Information in its possession, custody, or control.

11. **Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

12. **Obligations at Conclusion of Litigation**.

(a) **Order Remains in Effect**. This Order shall remain in force after dismissal or entry of final judgment that is not subject to further appeal.

(b) **Return of Confidential Documents**. Within 60 days after this matter concludes by settlement, final judgment, or final order, including all appeals, any document containing Confidential Information, including copies, shall be returned to the producing party unless (1) the document was offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) the document bears notations, summations, or other mental impressions of the receiving party.

(c) **Retention of Work Product**. Notwithstanding the requirements to return or destroy documents, counsel may retain work product, including an index that

refers to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information. Retained Confidential Information shall remain protected by this Order. An attorney may use his/her work product in subsequent litigation, provided its use does not disclose or use Confidential Information.

13. **Modification of Order**. This Order may be modified by the Court sua sponte, or by motion from a party or a person with standing concerning the subject matter.

14. **No Prior Determination**. This Order is entered for the purpose of facilitating discovery and is based upon the parties' representations and agreements. Nothing in this Order shall be construed as a judicial determination that a document designated as Confidential Information is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

15. **Parties Later Joined**. If additional parties join this lawsuit, they must not be given access to Confidential Information unless they execute and file with the Court their written agreement to be bound by this Order.

16. **Jurisdiction**. The Court's jurisdiction to enforce this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**IT IS SO ORDERED.**

Date: May 15, 2019              /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| **GREGORY STILLMAN,** | ) |
| **Plaintiff,** | ) |
| | ) **Case No.: 4:19-cv-00222** |
| **v.** | ) |
| **WAL MART STORES EAST I, LP,** | ) |
| **Defendant.** | ) |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I have read the Court's Protective Order, which was entered in the above-captioned action on _____. I understand the terms of the Protective Order and agree to be bound by its terms. I submit to the jurisdiction of the United States District Court for the Western District of Missouri in matters relating to the Protective Order, and understand the Protective Order requires me to use materials designated as Confidential Information in accordance with the Protective Order, use them solely for the purposes of the above- captioned action, and not to disclose any Confidential Information to any other person or entity. I understand and acknowledge that if I violate this Protective Order, I may be found in and/or penalized for contempt of court.

PRINTED NAME: _____

ADDRESS: _____

_____

DATE: _____   _____
                          SIGNATURE