IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GREGORY STILLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 4:19-cv-00222 |
| v. ) | |
| ) | |
| WAL MART STORES EAST I, LP, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT WAL MART STORES EAST I, LP'S MOTION FOR PROTECTIVE ORDER AND SUGGESTIONS IN SUPPORT

Pursuant to Fed. R. Civ. Pro. 37, Local Rules 7.0 and 37.1, and this Court's October 30, 2019 Order (ECF #38), Defendant Wal-Mart Stores East I, LP, Inc. ("Defendant") moves the Court for the entry of a protective order relating to the deposition notice issued by Plaintiff Gregory Stillman ("Plaintiff") on October 24, 2019, just seven (7) days before the close of discovery, for Defendant to produce a corporate representative on October 31, 2019. Specifically, Defendant requests that the deposition not be taken. In support of this Motion, Defendant states as follows:

**I.    Background**

1.    Plaintiff filed this lawsuit on January 23, 2019 in the Circuit Court of Jackson County, Missouri alleging negligence against Defendant arising from personal injuries he claimed to have sustained in a visit to Defendant's retail store on March 9, 2018. Defendant was served on February 22, 2019 and the matter was removed to this Court on the basis of diversity jurisdiction on March 22, 2019.

2.    The parties, via their respective counsel, held their Rule 26(f) conference on April 23, 2019 to discuss scheduling and discovery matters as required by Rule 26(f). During that conference, Defendant's Counsel informed Plaintiff's Counsel that due to the nature of

1

Defendant's retail business, Defendant could not make any witnesses available for depositions, meetings or mediation during the time period from November 1, 2019 through January 15, 2020, referred to as the "blackout" period. The reasoning behind the blackout is straightforward, Defendant's personnel, especially management personnel, work long hours and atypical schedules during this time period getting the store ready for holiday shopping, keeping the store running efficiently during holiday shopping, and working to return the store to normal operations following the busy season and holiday returns.

3. Because the start of the blackout period was more than six (6) months away, the blackout did not pose a problem and the parties purposely selected a close of discovery date, October 31, 2019, with the start of the blackout period in mind. Thereafter, Defendant served Plaintiff with opening discovery and also served a notice of deposition for Plaintiff. That deposition was ultimately moved to August 14, 2019.

4. On May 17, 2019, this Court entered its Scheduling Order setting October 31, 2019 as the deadline for the parties to complete all discovery.

5. On or about September 10, 2019, due to issues in obtaining Plaintiff's medical records, Defendant requested an extension from Plaintiff regarding Defendant's deadline to designate its expert witness. Plaintiff agreed, and Defendant submitted its Unopposed Motion for an Extension of Time to Designate its Expert Witness on September 27, 2019. The Court granted this Motion on October 11, 2019.

6. The parties then jointly requested the Court to continue the Pre-Trial Conference and Trial date on October 21, 2019, which the Court granted via its Amended Scheduling order entered on October 24, 2019, setting the Pre-Trial Conference in this matter for July 30, 2020 at 11:00 a.m., with trial set for August 17, 2020, beginning at 8:00 a.m.

7. On October 23, 2019, after six (6) months of discovery, Plaintiff brought up for the first time the desire to take a deposition of Defendant's corporate representative. Defendant's Counsel responded that it would be difficult to schedule such a deposition with only a week remaining until the end of discovery and the beginning of the blackout. Plaintiff then served a Notice of Deposition on October 24, 2019, setting the deposition for October 31, 2019 at 10:00 a.m. at Plaintiff's Counsel's office.

8. Defendant notified Plaintiff that it could not make a representative available before the end of discovery and the beginning of the blackout and offered a compromise: In exchange for Defendant agreeing to a limited extension of the discovery deadline for Plaintiff to take the corporate representative deposition of Defendant on a date agreed to by the parties after the end of the blackout on January 15, 2019, Plaintiff would agree to appear for the full Independent Medical Examination scheduled for a day and a half over December 10 and 11, 2019. Plaintiff rejected that compromise and Defendant contacted the Court to arrange for a phone conference pursuant to Local Rule 37.1. Thereafter, the parties held their conference with the Court's law clerk on October 30, 2019 and the Court set the current briefing schedule.

## II. <u>Argument</u>

Defendant respectfully requests that the Court enter a protective order quashing the deposition of Defendant's corporate representative. In the alternative, Defendant is willing to produce a corporate representative for deposition on a mutually agreeable date after January 15, 2019 in exchange for Plaintiff agreeing to sit for the reasonable and necessary independent medical examination scheduled for December 10 and 11, 2019.

Plaintiff cannot complain that Defendant will not produce a corporate representative within a week's time of receiving notice, nor can Plaintiff complain that Defendant will not produce a

corporate representative during a time period that will cause Defendant extreme hardship, and which Plaintiff has been aware of for more than six (6) months. The deadline of discovery was agreed to by the Parties during the Rule 26(f) conference with the blackout period in mind and specifically selected on October 31, 2019 in order to avoid the blackout impacting this case. Plaintiff's decision to wait until eight (8) days before the close of discovery and the beginning of the blackout to even raise the idea of a corporate representative deposition is not a burden that should fall on Defendant and would, in effect, operate as a sanction on Defendant for Plaintiff's failure to conduct discovery prior to the close of discovery. In *Bauer v. Curators of the University of Missouri*, the plaintiff moved for sanctions against the defendant arguing that defendant failed to produce the right persons as corporate representatives. In denying the sanctions, Judge Wright held that sanctions would not be appropriate because the "[P]laintiff had ample opportunity to conduct discovery in this case." 2009 WL 10659036, *1 (W.D.Mo. 2009). Judge Wright further stated that "[i]f plaintiff desired to take [specific depositions], then plaintiff should have taken their depositions during the discovery period." *Id.* Likewise, Plaintiff had ample opportunity in this case to take the deposition of a corporate representative of Defendant, yet failed to do so in more than six (6) months of discovery. Plaintiff's failure to conduct discovery should not operate as a sanction on Defendant, especially when Defendant has made it known since the beginning of discovery the extent of the hardship of conducting discovery during the blackout and the Parties specifically selected the deadline for discovery due to the blackout.

WHEREFORE, Defendant Wal-Mart Stores East I, LP, Inc. ("Defendant") moves the Court for the entry of a protective order relating to the deposition notice issued by Plaintiff Gregory Stillman ("Plaintiff") on October 24, 2019, just seven (7) days before the close of discovery, for Defendant to produce a corporate representative on October 31, 2019, and for such other relief the

4

Court deems proper and just.

                                Respectfully submitted:

/s/ M. Jared Marsh
Lindsay P. Windham     (MO #66153)
M. Jared Marsh          (MO #51817)
HALBROOK WOOD, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
TEL: (913) 529-1188
FAX: (913) 529-1199
E-MAIL: lwindham@halbrookwoodlaw.com
E-MAIL: jmarsh@halbrookwoodlaw.com
ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 4th day of November 2019, the foregoing was electronically mailed to:

James E. Montee
Amanda J. Blackwood
Jeffrey P. Blackwood
MONTEE LAW FIRM, P.C.
P.O. Box 127
St. Joseph, MO 64502
TEL: (816) 364-1650
FAX: (816) 364-1509
E-MAIL: monteelaw@outlook.com
E-MAIL: amontee@monteelawfirm.com
E-MAIL: jblackwood@monteelawfirm.com
ATTORNEYS FOR PLAINTIFF

                                /s/ M. Jared Marsh
                                ATTORNEY FOR DEFENDANT