## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY STILLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-00222-DGK |
| | ) | |
| WAL MART STORES EAST I, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING RULE 35 MOTION FOR INDEPENDENT MEDICAL EXAMINATION

This case arises from Plaintiff's allegations that he was struck in the head by a garage door while walking into a Walmart in Raytown, Missouri.  As a result of this incident, he claims he suffered a traumatic brain injury, cognitive impairment affecting his ability to perform his job and daily tasks, and past and future emotional trauma.  Now before the Court is Defendant's motion to conduct an independent medical examination ("IME") of Plaintiff pursuant to Federal Rule of Civil Procedure 35 (Doc. 41).  Because Plaintiff's medical condition is in controversy, and there is good cause for the IME, Defendant's motion is GRANTED.

Rule 35(a) provides that a Court may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  The order "may be made only on motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(2)(A).  Once it is determined that good cause exists, the court must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).  Like other discovery rules, Rule 35 is to be broadly and liberally construed.  *RightCHOICE*

*Managed Care, Inc. v. Hosp. Partners, Inc.*, No. 4:18-CV-06037-DGK, 2019 WL 3291570, at *1 (W.D. Mo. July 22, 2019).

The parties do not dispute that Plaintiff has put his mental condition in controversy, so the only issue is whether good cause exists for the examination. Plaintiff argues that Defendant has failed to demonstrate good cause exists because it has not identified the specific tests Plaintiff must undergo during the examination. Plaintiff's argument is unavailing.

Defendant specifically noted that its examiner would conduct a Halstead-Reitan Neuropsychological Test Battery and allied procedures (HRNB). True, the HRNB consists of a series of discretionary tests, all of which may or may not be given. But each test in the HRNB assesses the condition and functioning of Plaintiff's brain—a central issue in this case—so the information, opinions, and conclusions from any of the tests in the battery are relevant to his claims and damages. *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 391 (S.D. Tex. 2013) ("'Good cause' requires a showing that the examination could adduce specific facts relevant to the cause of action and necessary to the defendant's case."). That Plaintiff has already undergone a medical examination by his own neurological expert, Dr. Eva Henry, is further evidence that his neurological functioning will be a key issue at trial. And Defendant is not required to simply rely on Plaintiff's expert regarding his injuries and damages. *Id.* at 391-92 ("[C]ourts have continually looked to whether the plaintiff has retained his own experts, and whether he intends to prove his claims through their testimony at trial, as relevant to a finding of good cause."). Thus, the Court finds good cause exists for Plaintiff to submit to an IME.

Because good cause exists, the Court must determine the time, place, manner, conditions, scope of the examination, and the examiner. Defendant suggests the following:

a. Time: December 10, 2019, 9:00 a.m. to 5:00 p.m. with breaks, including one-hour lunch break; December 11, 2019, 9:00 a.m. to 1:30 p.m. with breaks, including one-hour lunch break.

b. Place: Caffrey Comprehensive Services, 8301 State Line Road, Suite 200, Kansas City, Missouri 64114.

c. Conditions: Dr. Caffrey's office, involving interview and written and cognitive testing.

d. Scope of the Examination: Halstead-Reitan Neuropsychological Battery and allied procedures.

e. Person performing exam: Patrick Caffrey, Ph.D.

Plaintiff agrees with most of Defendant's requests but argues that the two-day timeframe Defendant seeks is too long, asking the Court should limit the IME to one, eight-hour day, with a one-hour lunch break. In other words, excluding breaks, the parties are disputing over three-and-a-half hours of testing time.

The Court finds that giving Defendant these extra few hours to ensure its examiner can complete the IME is not unreasonable, considering the injuries and damages alleged in this case. With that said, "[t]he court expects the examiner will act professionally and not subject [the examinee] to unnecessary inquiries" simply to require the Plaintiff to appear a second day. *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 168 (N.D. Cal. 2013). The Court refuses, however, to micromanage the IME.

Accordingly, the Defendant shall be able to conduct the IME under the conditions proposed in its motion, including the length of the examination. Therefore, Plaintiff shall submit to an IME under the conditions set forth:

a. Time: December 10, 2019, 9:00 a.m. to 5:00 p.m. with breaks, including one-hour lunch break; December 11, 2019, 9:00 a.m. to 1:30 p.m. with breaks, including one-hour lunch break.

3

b. Place: Caffrey Comprehensive Services, 8301 State Line Road, Suite 200, Kansas City, Missouri 64114.

c. Conditions: Dr. Caffrey's office, involving interview and written and cognitive testing.

d. Scope of the Examination: Dr. Caffrey will conduct a comprehensive assessment of brain function using Halstead-Reitan Neuropsychological Battery and allied procedures: Assesses attention, concentration, memory, problem solving, judgment, language functions, processing speed, visuospatial and constructional skills, proprioception, sensory perceptual functions, motor functions, emotional status and all evaluations include validity testing to rule out malingering (faking bad).

e. Person performing exam: Dr. Patrick Caffrey, Ph.D.

The motion (Doc. 41) is GRANTED.

**IT IS SO ORDERED.**

Date:  December 3, 2019                  /s/ Greg Kays
                                                   GREG KAYS, JUDGE
                                                   UNITED STATES DISTRICT COURT