# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY STILLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-0222-DGK |
| | ) | |
| WAL-MART STORES EAST I, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REGARDING DISCOVERY DISPUTE

This lawsuit arises from Plaintiff's allegation that he suffered a head injury when he walked into the Garden Center at the Walmart Supercenter in Raytown, Missouri, and struck his head on a low-hanging overhead door. Now before the Court is a discovery dispute concerning twenty requests for admissions ("the RFA") (Doc. 62-1) Plaintiff served on Defendant almost five months after the discovery deadline.

The background is as follows. The Court's Scheduling Order (Doc. 18) set October 31, 2019, as the deadline to complete all discovery. Except for Defendant's corporate-representative deposition, which as the result of a previous discovery dispute the Court ordered be taken on or before December 23, 2019, all discovery was taken by this date.

On March 16, 2020, Plaintiff served Defendant with the RFA pursuant to Rule 36. Defendant objects to the RFA, arguing they are untimely written discovery under the Court's scheduling order. Defendant seeks a ruling that it does not have a duty to respond to the RFA. Plaintiff responds that requests for admission are not subject to general discovery deadlines; that is, although Rule 36 is found in the section of the Federal Rules of Civil Procedure governing

discovery, requests for admission are actually not discovery and may be served after the general discovery deadline. The parties agree there is no Eighth Circuit caselaw on this issue, so they each cite caselaw from out of this circuit supporting their positions.

Plaintiff additionally argues that the October 31, 2019, discovery deadline should not apply to these particular RFA for two reasons. First, nearly all of the RFA are based on information Plaintiff contends was learned after October 31, 2019: Plaintiff took Defendant's corporate representative deposition on December 20, 2019; Defendant served supplemental and amended discovery responses on January 6, 2020; Defendant served its expert report on January 10, 2020; and Defendant served the signature and errata page from the corporate representative deposition on February 3, 2020. Plaintiff's second argument is that the RFAs will narrow the issues for trial.

The Court holds that requests for admissions are subject to the general discovery deadline. While the cases cited by Plaintiff provide a plausible rationale for why requests for admissions should not be subject to a general discovery deadline, that does not change the fact that—for better or worse—the Federal Rules of Civil Procedure treat them in such a way that it appears the drafters of Rule 36 thought they were subject to the general discovery deadline. Further, the Local Rules for the Western District of Missouri treat requests for admissions as written discovery. *See*, *e.g.*, L.R. 26.3(a) ("[A] party must serve but not file the following discovery documents . . . 6. Requests for admissions, and responses thereto, under Fed. R. Civ. P. 36.").

The Court is also unmoved by Plaintiff's suggestion that the discovery deadline should not apply to these particular RFA. Plaintiff has not identified any information Defendant allegedly provided after October 31, 2019, that justifies issuing the RFA. Nor has Plaintiff explained why if Defendant provided new information on February 3, he waited another six weeks before serving

the RFA. Finally, although these RFA might well narrow the issues for trial, the scheduling order already contains a provision addressing this concern.[1]

Defendant's objection to the RFA is sustained. The Court holds the RFA were not timely served, that Defendant does not have a duty to respond to the RFA, and nothing in the RFA will be deemed admitted if Defendant does not respond to them.

This ruling does not apply to any subsequent request to stipulate pursuant to the Scheduling Order.

**IT IS SO ORDERED.**

Date: April 22, 2020              /s/ Greg Kays
                                  GREG KAYS, JUDGE
                                  UNITED STATES DISTRICT COURT

---

[1] The portion of the Court's Scheduling Order governing pretrial filings contains a paragraph titled "**Stipulation of Uncontroverted Facts**" which states:

> Seven (7) days prior to the pretrial conference, stipulation of uncontroverted facts shall be filed. If no stipulated facts can be agreed upon, including facts related to the Court's subject matter jurisdiction, the parties shall file a joint statement to that effect. *Notwithstanding the fact that the time for discovery will have closed, a request to stipulate, if preserved in the record, will constitute a request for admission under Rule 36 and failure to stipulate may be subject to sanctions under Rule 37(c).*

Scheduling Order at 6 (emphasis added).