IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GREGORY STILLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 4:19-cv-00222 |
| v. | ) |
| | ) |
| WAL MART STORES EAST I, LP, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT WAL MART STORES EAST I, LP'S
BRIEF REGARDING PLAINTIFF'S EMPLOYMENT RECORDS**

On June 25, 2020, Plaintiff submitted Supplemental Answers to Defendant's First Interrogatories, supplementing, among other things, his Answer to Interrogatory No. 4 on employment and stating that he had obtained a position at WESCO Distribution on March 16, 2020 and that he works in a desk position where he is being "provided with headphone equipment to accommodate him with respect to his hearing problems." See Plaintiff Gregory Stillman's Supplemental Interrogatory Answers, attached as Ex. A. Even though Plaintiff has withdrawn his claim for lost wages, it appears he intends to present evidence that his alleged injuries have caused him to be disabled and impact his abilities in employment. The scant information provided in Plaintiff's supplemental interrogatory response indicates as much and Plaintiff has previously maintained that in his prior position at Wieland Kessler Sales & Distribution he did not have the ability to perform his position without the use of a "cheat sheet" due to his alleged injuries – something he did not produce in discovery.

On June 30, 2020 and July 1, 2020, Defendant's Counsel and Plaintiff's Counsel exchanged emails regarding this potential discovery issue and on July 2, 2020, in accordance with Local Rule 37.1(a)(1), Plaintiff's Counsel and Defendant's Counsel discussed the matter over the

1

phone but could not reach an agreement. During that call, Plaintiff's Counsel confirmed that Plaintiff would testify as to the impact of his injuries on his employment, which implies that Plaintiff could argue lost future earning capacity to the jury despite withdrawing his claim for lost wages. Later that day, pursuant to Local Rule 37.1(a)(2), the undersigned Counsel contacted the Court to obtain a telephone conference.

Again, although Plaintiff has withdrawn his claim for lost wages in order to shield his employment records from discovery, he is still intent on offering evidence that his ability to perform the duties of his employment are limited by his alleged injuries. As before, where Plaintiff claimed that he could not perform the duties of his job at Wieland Kessler without the use of a "cheat sheet" that he did not produce in discovery, he is now claiming that he has to be provided headphones to "accommodate him with respect to his hearing problems." Given this limited information, it is unknown if Plaintiff is claiming that he is disabled and requiring accommodation, whether he has made a request for headphones for some other reason, or whether headphones are standard equipment for Plaintiff's current position. While Missouri law allows an employee the right of privacy in his personnel records, "this does not mean that employment records are entirely undiscoverable in every case." *State ex rel. Delmar Gardens N. Op., LLC v. Gaertner*, 239 S.W.3d 608, 611 (Mo. Banc. 2007). "A plaintiff waives the privacy right to the extent that [his] pleadings raise issues to which the employment records relate." *State ex. rel. Crowden v. Dandurand*, 970 S.W.2d 340, 343 (Mo. Banc 1998). In this matter, Plaintiff's Amended Complaint alleges that "[t]o this day, complications caused by Walmart's negligence include, but are not limited to, headaches, memory loss, dizziness, neck and back pain, nausea, confusion, speech issues, and a loss of hearing." See ECF #8, Amended Complaint at ¶40. Based on Plaintiff's supplemental discovery response and prior attempt to claim impact on his job at Wieland Kessler, it appears that Plaintiff

2

intends to argue to the jury that all of these issues impact his ability to maintain and perform his employment at WESCO Distribution. Due to the breadth of those claims, Walmart is entitled to discovery of his personnel records at WESCO Distribution to discover the extent to which Plaintiff claimed disability in the hiring process, including application disclosures, whether Plaintiff has formally or informally requested an accommodation, whether Plaintiff's job description includes the use of headphones as mandatory or optional equipment, or whether Plaintiff has been disciplined for any matters that may relate to his alleged injuries. Simply put, Walmart's request for Plaintiff's personnel file is only as broad as the claims of alleged permanent disability that Plaintiff is claiming in his Amended Complaint and Plaintiff must provide the requested authorization if he intends to present these claims to the jury.

WHEREFORE, Defendant Wal-Mart Stores East I, LP, Inc. ("Defendant") respectfully requests the Court to enter an Order requiring Plaintiff to provide Defendant an authorization allowing Defendant to obtain a copy of Plaintiff's personnel file from WESCO Distribution, and for such other relief the Court deems proper and just.

Respectfully submitted:

/s/ M. Jared Marsh
Lindsay P. Windham        (MO #66153)
M. Jared Marsh            (MO #51817)
HALBROOK WOOD, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
TEL: (913) 529-1188
FAX: (913) 529-1199
E-MAIL: lwindham@halbrookwoodlaw.com
E-MAIL: jmarsh@halbrookwoodlaw.com
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 6th day of July 2020, the foregoing was electronically filed with the Clerk of the Court via the Court's electronic filing system, which sends notifications to:

James E. Montee
Amanda J. Blackwood
Jeffrey P. Blackwood
MONTEE LAW FIRM, P.C.
P.O. Box 127
St. Joseph, MO 64502
TEL: (816) 364-1650
FAX: (816) 364-1509
E-MAIL: monteelaw@outlook.com
E-MAIL: amontee@monteelawfirm.com
E-MAIL: jblackwood@monteelawfirm.com
ATTORNEYS FOR PLAINTIFF

                                      /s/ M. Jared Marsh
                                      ATTORNEY FOR DEFENDANT