# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION

GREGORY STILLMAN,         )
         )
         )     **4:19-cv-00222-DGK**
        **Plaintiff,**        )
**v.**         )
         )
**WAL-MART STORES EAST I, L.P.,**         )
         )
         )
        **Defendant.**        )

## PLAINTIFF'S RESPONSE TO THE COURT'S JULY 3, 2020 ORDER

On June 25, 2020, Plaintiff supplemented his responses to Defendant's interrogatories to provide updates on Plaintiff's medical providers and employment.[1] Plaintiff's response includes following description of his present job duties: "Plaintiff works a desk position and is provided with headphone equipment to accommodate him with respect to his hearing problems." Now, Defendant seeks to compel Plaintiff to sign an authorization for Defendant to obtain Plaintiff's entire personnel file from his employer and all "records regarding his search for employment."[2]

The Parties conferred telephonically on July 3. Plaintiff's counsel reiterated that Plaintiff is *not* claiming lost wages and is not asserting that he received an ADA accommodation. The Court should deny Defendant's request because: (1) discovery is closed; (2) Plaintiff's supplement does not warrant reopening discovery; and (3) the requests exceed the scope of Rule 26.

**(1)**    *Discovery is Closed*. As this Court pointed out in its April 22, 2020 Order, "The Court's Scheduling Order (Doc. 18) set October 31, 2019 as the deadline to complete all

---

[1]    The supplemental response identifies two providers Plaintiff saw in May and June 2020 for continued treatment of his head injury. Plaintiff also supplemented his response to disclose he obtained new employment in March of 2020. As Defendant is aware, Plaintiff's previous employment ended in November 2019.

[2]    Defendant has not actually served new discovery requests or provided Plaintiff with the proposed authorization, but represented it is seeking Plaintiff's entire personnel file and "job search records."

discovery." Doc. 65 at 1. Despite recently taking the position that strict application of the discovery deadline is necessary (*see* Doc. 58), Defendant now seeks new document discovery.

(2) ***Reopening Discovery is Not Warranted***. In his interrogatory responses over one year ago, on June 6, 2019, Plaintiff disclosed that he suffered hearing loss as a result of his injuries. This was also the subject of testimony during Plaintiff's June 20, 2019 deposition, Plaintiff's expert's deposition on November 8, 2019, and is documented in produced medical records. In other words, Defendant is not prejudiced by Plaintiff's supplemental update that he is using headphones in his new position. Defendant has long known about Plaintiff's claim regarding hearing loss. *Cf. Wildman v. American Century Services, LLC*, 2018 WL 4008990, *2 (W.D. Mo. Aug. 22, 2018). Plaintiff's use of headphones at work is akin to any other strategy he may employ in his personal life to deal with the repercussions of his injury. It does not warrant broad and intrusive discovery weeks before trial. There is a single negligence claim in this action related to an overhead door at Walmart.

(3) ***Rule 26***. Defendant's request is not proportional to the claims or defenses, even if it was timely. There is a disconnect between Defendant's justification (Plaintiff's use of headphones) and Defendant's request, which seeks Plaintiff's entire personnel file. And it is unclear what, if any, relevance Plaintiff's job search documents could have given there is only a single negligence claim in this lawsuit. Accordingly, Defendant's request fails to meet the requirements of Rule 26's proportionality standard.

For the foregoing reasons, the Court should deny Defendant's request for new discovery.

Date:  July 6, 2020                          Respectfully submitted,

**MONTEE LAW FIRM, P.C.**

/s/ *Amanda J. Blackwood*
Amanda J. Blackwood, MO 65054
James Montee, MO #33489
Jeffrey P. Blackwood, MO #71445
P.O. Box 127
St. Joseph, MO 64502
(816) 364-1650
(816) 364-1509 (fax)
ablackwood@monteelawfirm.com

*Counsel for Plaintiff Gregory Stillman*

3