IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GREGORY STILLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-0222-DGK |
| ) | |
| WAL-MART STORES EAST I, LP, ) | |
| ) | |
| Defendant. ) | |

## ORDER REGARDING SECOND DISCOVERY DISPUTE

This lawsuit arises from Plaintiff Gregory Stillman's allegation that he suffered a serious head injury when he walked into Defendant Walmart's Garden Center and struck his head on a low-hanging overhead door. Among other injuries, Plaintiff alleges the accident left him with hearing loss.

Now before the Court is the parties' second discovery dispute, a dispute concerning Plaintiff's employment records. After reviewing the parties' filings (Docs. 68-71), the Court has determined that no teleconference is necessary for the Court to rule on this matter.

The background to this dispute is as follows. On June 25, 2020, Plaintiff submitted supplemental answers to Defendant's First Interrogatories. The supplemental answers disclosed that Plaintiff had obtained a new job at WESCO Distribution on March 16, 2020, working in a desk position where he is being "provided with headphone equipment to accommodate him with respect to his hearing problems." In response, Defendant requested Plaintiff provide an authorization allowing Defendant to obtain a copy of his personnel file from WESCO Distribution. During a subsequent phone call with Defense counsel, Plaintiff's counsel confirmed that although

Plaintiff had withdrawn his claim for lost wages, he nonetheless planned to testify about the impact of his injuries on his employment.

Defendant argues that by alleging his injuries have impacted his employment, Plaintiff has raised an issue to which his employment records relate. Thus, Defendant is entitled to review Plaintiff's employment records to discover whether, and to what extent, Plaintiff claimed to be disabled during the hiring process. This includes any disclosures Plaintiff made about hearing loss made on his job application, whether Plaintiff requested an accommodation for hearing loss, and whether Plaintiff's job description includes the use of headphones as mandatory or optional equipment.

Plaintiff responds that the Court should deny Defendant's request because: (1) discovery is closed; (2) Plaintiff's supplement does not warrant reopening discovery; and (3) Defendant's request for discovery is not proportional to Plaintiff's claims.

Plaintiff's argument is unavailing. Although discovery has closed, Defendant's request is permissible because Plaintiff has asserted for the first time, after the close of discovery, that the hearing loss caused by the accident is so severe that it resulted in him having to wear headphones in order to work a desk job. And by alleging that Plaintiff's injuries have impacted his employment—even after withdrawing his claim for lost wages—Plaintiff has placed the extent to which his injuries have impacted his employment—and potentially future employment—at issue. Thus, Defendant's request is a proportional, permissible request for discovery.

Defendant's request is GRANTED. Plaintiff shall provide Defendant an authorization allowing Defendant to obtain a copy of Plaintiff's personnel file from WESCO Distribution within seven days.

2

Case 4:19-cv-00222-DGK   Document 72   Filed 07/08/20   Page 2 of 3

**IT IS SO ORDERED.**

Date: July 8, 2020                              /s/ Greg Kays
                                                GREG KAYS, JUDGE
                                                UNITED STATES DISTRICT COURT