IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GREGORY STILLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 4:19-cv-00222 |
| v. | ) |
| | ) |
| WAL MART STORES EAST I, LP, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT WALMART STORES EAST I, LP'S
SUGGESTIONS IN SUPPORT OF ITS MOTION IN LIMINE**

Defendant Walmart Stores East I, LP submits the following Suggestions in Support of its Motion in Limine:

**I.  INTRODUCTION**

The purpose of a Motion in Limine is not just to exclude inadmissible evidence from trial. *Williams v. Norman*, 2012 WL 1948104, *4 (W.D.Mo. 2012). It also serves a second purpose to prevent a party from "placing an improper and prejudicial issue before the jury through *voir dire*, opening statement, or questions during trial, which are not evidence." *State v. Albanese*, 9 S.W.3d 39, 52 (Mo.Ct.App. 1999) (citations omitted). In this instance, Defendant seeks to prevent Plaintiff from introducing or referencing the following improper and prejudicial issues before the jury, which he may attempt to do during *voir dire*, opening statement or through questions and arguments during trial. The touchstone is not whether the evidence is relevant, though Defendant asserts that none of the below categories of evidence are relevant, instead, per Federal Rule of Civil Procedure 403, the touchstone is whether its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

1

As set forth below, the evidence that Plaintiff may attempt to introduce is not only irrelevant, but is also substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury or needlessly presenting cumulative evidence.

Walmart respectfully requests the Court to enter an Order prohibiting Plaintiff from introducing evidence or argument on the following topics:

**II.     ARGUMENT AND AUTHORITIES ON EVIDENCE/ISSUES TO BE EXCLUDED**

   **1.     Evidence of Plaintiff's Lost Wages and/or Lost Earning Capacity**

Following Plaintiff's deposition and mediation in this matter on August 14, 2019 and August 15, 2019, respectively, Plaintiff notified Defendant that he was withdrawing his claim for lost wages in this matter. On September 6, 2019, Plaintiff formally amended his Interrogatory Answers to unequivocally state that "Plaintiff is not pursuing damages for his lost wages." See Plaintiff's First Amended Answers to Defendant's First Interrogatories, attached as Exhibit A. Accordingly, Defendant has not pursued discovery on Plaintiff's lost wages and Plaintiff has not provided any disclosures or discovery responses substantiating such a claim. Therefore, any reference or attempt to introduce evidence regarding Plaintiff's lost wages would be irrelevant and unfairly prejudicial as Plaintiff's withdrawal of his claim for lost wages precluded Defendant from conducting and obtaining discovery on that issue.

Likewise, Plaintiff's withdrawal of his claim for lost wages necessarily includes any claim for lost earning capacity as he has not provided any supplemental disclosures, discovery responses or expert testimony on lost earning capacity as a result of his alleged injuries. Allowing Plaintiff to reference or introduce evidence of lost earning capacity would be irrelevant and unfairly prejudicial and must be prohibited.

## 2. **Evidence That Plaintiff's Injuries Negatively Impacted His Employment**

Plaintiff testified in his August 14, 2019 deposition that he had a "cheat sheet" that he had to use throughout the day in order to do his job at Wieland Kessler because of the impact of his injuries on his memory. He testified that he used it all day long, that it was ten pages long and that he used it approximately six times each day. See Plaintiff's Deposition, pg. 37, lines 2-23, attached as Exhibit B. On August 22, 2019, Defendant requested Plaintiff produce a copy of the "cheat sheet" identified by Plaintiff in his deposition. Plaintiff refused, claiming that Defendant's request was not covered by any existing discovery request. Defendant subsequently served Plaintiff with its Second Request for Production of Documents on August 30, 2019, requesting Plaintiff to produce a copy of the "cheat sheet." Plaintiff objected to producing the "cheat sheet" claiming that the "cheat sheet" did not reasonably relate to the claims or defenses in the case, that the cheat sheet contained proprietary information that he was not authorized to produce, and that production would be unreasonable duplicative and cumulative of his deposition testimony. Plaintiff continued to refuse to produce the "cheat sheet" despite a meet and confer phone conference on October 24, 2019. Following the October 24, 2019 meet and confer, Plaintiff agreed to obtain and produce employment records from Wieland Kessler, yet the production did not contain any information or even a reference to the "cheat sheet."

In addition to Plaintiff's refusal to produce the "cheat sheet", Plaintiff disclosed on June 25, 2020 in his supplemental discovery responses that he obtained a new job on March 16, 2020 where he requires an "accommodation" of headphones because of his hearing loss from his alleged injuries, yet Plaintiff refuses to provide his personnel file or other employment records referencing the accommodation. See Plaintiff Gregory Stillman's Supplemental Interrogatory Answers, attached as Exhibit C. It is apparent that despite Plaintiff's withdrawal of his claim for lost wages,

3

Plaintiff intends to argue to the jury that his ability to maintain gainful employment, and to be successful in that employment, is impacted by the alleged injuries he suffered at Walmart. However, other than self-serving statements, Plaintiff has refused to produce any discovery related to these topics despite Defendant's timely and persistent requests for same. Due to Plaintiff's failure to timely produce the requested evidence, Plaintiff must be precluded from referencing, introducing, or testifying as to evidence reflecting an inability to perform his job due to his alleged injuries, as well as any reference that his employment at Wieland Kessler was terminated as a result of his alleged injuries, or that he experienced difficulty in obtaining new employment because of his alleged injuries.

### 3. Evidence of Plaintiff's "Shattered" Sunglasses

Plaintiff's Petition and his Amended Complaint allege that the impact of the overhead door on his head "shattered" his sunglasses. See Plaintiff's Petition, ¶ 17, attached as Exhibit D; Plaintiff's First Amended Complaint, ¶ 26, attached as Exhibit E. On April 23, 2019, Defendant served Plaintiff with a Request for Production requesting production of the "shattered" sunglasses. On June 3, 2019, Plaintiff's response to Defendant's Request for Production stated that Plaintiff undertook a search for the "broken" sunglasses and could not find them. See Plaintiff Gregory Stillman's Responses to Defendant's Request for Production, attached as Exhibit F.

Plaintiff's duty to preserve evidence arose on the day of the incident, March 9, 2018, the same as Defendant. Plaintiff's failure to preserve and produce the sunglasses in discovery renders any reference to damage to those sunglasses, especially colorful and inflammatory language such as "shattered" inadmissible because it is highly prejudicial to Defendant without affording Defendant the ability to inspect the physical evidence.

### 4. Other Witnesses or Evidence Not Identified or Produced During Discovery

Defendant served Plaintiff with its First Interrogatories and First Request for Production of Documents on April 23, 2019. The discovery requests were directed at Plaintiff's allegations of liability and damages as set forth in his Petition and in his First Amended Complaint. Defendant subsequently served Plaintiff with its Second Request for Production of Documents and Third Request for Production of Documents. In addition to Plaintiff's lackluster Rule 26 Disclosures, Plaintiff has not fully answered several interrogatories and request for production of documents – some of those incomplete responses are referenced above. Due to the incomplete information, Defendant has an undue burden, and is prevented from effectively preparing to defend itself at trial. Therefore, Walmart respectfully moves this court to enter an Order prohibiting Plaintiff from calling any witnesses or introducing any evidence, including documents or testimony, that was not identified in his disclosures or discovery responses.

### 5. Settlement Negotiations

All settlement negotiations and/or references to Defendant's Offer of Judgment. Missouri law is well settled that any reference to settlement negotiations during trial is prohibited. *Hancock v. Shook*, 100 S.W. 3d 786, 799 (Mo. 2003).

### 6. Subsequent Remedial Measures

Evidence regarding any subsequent remedial measures initiated by Walmart after the incident is irrelevant to Plaintiff's claims and is inadmissible. Fed.R.Evid. 402. See also *Boggs ex rel. Boggs v. Lay* 164 S.W.3d 4, 21 (Mo. Ct. App. 2005); Cupp v. Nat'l R.R. Passenger Corp., 138 S.W.3d 766, 775 (Mo. Ct. App. 2004). In *Cupp*, the Court held that evidence of subsequent remedial measures "is not competent evidence to be used against the defendant to show antecedent negligence or an admission of negligence. *Id.*. In addition, the Federal Rules Evidence preclude

the admission of evidence of subsequent remedial measures. Federal Rule of Evidence 407 specifically states that "evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in the product, a defect in products design, or a need for a warning or instruction." Fed.R.Evid. 407. None of the exclusions to the rule, such as ownership, control or feasibility of precautionary measures, are applicable to the facts of this matter.

In this matter, following Plaintiff's alleged injury, Assistant Store Manager Jordan Kinney raised the garage door up and before locking it into place, the garage door lowered a few feet before he raised it back and locked it into place. Plaintiff appears intent on offering this portion of the video into evidence, yet Assistant Store Manager Kinney's actions are clearly subsequent remedial measures. Plus, this portion of the video is not probative of any issue because the video shows that the door does not move down prior to or during Plaintiff's entrance to the store. Thus, the Court should exclude evidence of Walmart's subsequent actions to raise the height of the door.

**7.   Evidence of Walmart's Policies and Procedures and Records**

Defendant has produced in discovery certain policies and procedures regarding its doors in Garden Center and responding to reports of incidents. No policy or procedure referenced in those documents has any relevance to Plaintiff's claims and the introduction of those documents would only serve to confuse and mislead the jury, waste the court's time and create undue prejudice. Walmart's policies do not set the standard for a claim of negligence.

Likewise, in response to Plaintiff's discovery requests, Defendant mistakenly produced work order information regarding repairs performed on roll doors in the Garden Center that are of different construction and placement in the Garden Center from the overhead door at issue in this matter. Because those records are clearly irrelevant to the claims and defenses, and any reference

to the records will only serve to confuse and mislead the jury, any evidence or reference to the records should be prohibited.

Accordingly, Wal-Mart's policies and procedures, as well as the roll door records, are irrelevant as they certainly do not set the standard for liability under the law. Further, any claimed or purported probative value attributable to the aforementioned documents and materials, would be outweighed by the undue prejudice to Wal-Mart and is therefore, inadmissible. F.R.E. 403.

### 8. Evidence Concerning the Wealth or Poverty of the Parties

The financial standing of the parties, including poverty and/or wealth, is irrelevant to the claims made by Plaintiff in this matter and should be excluded. Plaintiff has not plead and cannot plead and prove a cause of action for punitive damages. To support a claim for punitive damages there "must be clear and convincing evidence in support of the claim." *Lopez v. Three Rivers Electric Cooperative*, 26 S.W.3d 151, 160 (Mo. 2000). Specifically, the evidence must show that "the defendant either knew or had reason to know that there was a high degree of probability that the defendant's conduct would result in injury." *Id.* Under this standard, there is no evidence to support a claim for punitive damages. It is well-established that "evidence of a defendant's wealth is admissible only where the evidence supports [punitive] damages." Burke v. Deere & Co., 6 F.3d 497, 513 (8th Cir. 1993).

### 9. Evidence of Medical Treatment or Bills Not Disclosed During Discovery

Any reference to or evidence presented by Plaintiff regarding medical treatment rendered, must have been disclosed during discovery.

### 10. Evidence of Medical Charges Other than the Amount Actually Paid

Pursuant to R.S.Mo. §490.710.5, the Parties are allowed to present evidence of the actual cost of the medical care or treatment rendered to the Plaintiff, with "actual cost" defined as "a sum

7

Case 4:19-cv-00222-DGK   Document 74   Filed 07/09/20   Page 7 of 10

of money not to exceed the dollar amounts paid by or on behalf of a plaintiff or a patient whose care is at issue plus any remaining dollar amount necessary to satisfy the financial obligation for medical care or treatment by a health care provider after adjustment for any contractual discounts, price reduction, or write-off by any person or entity." Thus, the total amount of medical charges billed to Plaintiff for any medical care or treatment is inadmissible and only the amount actually paid or outstanding after write-offs and contractual adjustments should be allowed into evidence.

### 11. Evidence or Reference to Other Cases or Claims Against Walmart

Plaintiff may attempt to introduce evidence by testimony or otherwise of other incidents, events, claims or lawsuits against or involving Wal-Mart. Plaintiff should be prohibited from introducing any evidence of this kind because such evidence is irrelevant; hearsay; and such evidence would unduly prejudice Wal-Mart. Evidence of similar incidents or injuries is only relevant if a plaintiff establishes that the other incidents are "substantially similar" to the instant case. J.B. Hunt Transp., Inc. v. GMC, 243 F.3d 441, 445 (8th Cir. 2001). There are no substantially similar instances in this matter, therefore, any evidence regarding other incidents would be highly prejudicial.

### 12. Per Diem and/or Mathematical Formula Arguments for Damages

Per Diem arguments for damages calculations are not permitted under Missouri law, therefore Plaintiff should not be permitted to make any kind of per diem arguments when arguing his damages to the jury. Plaintiff should not be permitted to ask the jury to award him a specific amount and/or unit for each hour and/or day that he alleges he was injured to compensate him for his alleged noneconomic damages. In *Faught v. Washam*, 329 S.W.2d 588, 601-02 (Mo. 1959) (overruled on other grounds), the Missouri Supreme Court found that such arguments were improper, stating, "[w]hatever may be the cold logic or academic theory of this matter, the ungilded

8

Case 4:19-cv-00222-DGK   Document 74   Filed 07/09/20   Page 8 of 10

reality is that such argument is calculated and designed to implant in the jurors' minds definite figures and amounts not therefore in the record . . . and to influence the jurors to adopt those figures and amounts in evaluating pain and suffering and in measuring damages therefor." *Id*. at 603. Therefore, Plaintiff should be prohibited during opening, closing, and in his case-in-chief from advancing any such arguments at trial.

    **13.**     **Golden Rule Arguments by Plaintiff's Counsel**

Plaintiff may ask the jury to sympathize with him by placing itself in his shoes. Such arguments are referred to as "Golden Rule" arguments and are considered to be highly prejudicial. "It is generally held to be improper argument to ask a jury to place himself in the shoes of a party and to render such a verdict or such damages as he would want rendered if he was so situated." *Merritt v. Wilkerson*, 360 S.W.2d 283 (Mo. App. 1962); *Haynes by Haynes v. Green*, 748 S.W.2d 936, 939 (Mo. App. S.D. 1988).

## III.    CONCLUSION

WHEREFORE, Defendant Walmart Stores East I, LP respectfully requests that the Court grant its Motion in Limine and issue an Order prohibiting Plaintiff from introducing evidence or argument on the topics set forth above, and for such other relief the Court deems proper and just.

Respectfully submitted:

/s/ M. Jared Marsh
Lindsay P. Windham　　　(MO #66153)
M. Jared Marsh　　　　　(MO #51817)
HALBROOK WOOD, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
TEL: (913) 529-1188
FAX: (913) 529-1199
E-MAIL: lwindham@halbrookwoodlaw.com
E-MAIL: jmarsh@halbrookwoodlaw.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 9th day of July 2020, the foregoing was electronically filed with the Clerk of the Court via the Court's electronic filing system, which sends notifications to:

James E. Montee
Amanda J. Blackwood
Jeffrey P. Blackwood
MONTEE LAW FIRM, P.C.
P.O. Box 127
St. Joseph, MO 64502
TEL: (816) 364-1650
FAX: (816) 364-1509
E-MAIL: monteelaw@outlook.com
E-MAIL: amontee@monteelawfirm.com
E-MAIL: jblackwood@monteelawfirm.com
ATTORNEYS FOR PLAINTIFF

/s/ M. Jared Marsh
ATTORNEY FOR DEFENDANT