# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GREGORY STILLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-0222-DGK |
| ) | |
| WAL-MART STORES EAST I, LP, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING IN PART DEFENDANT'S MOTION IN LIMINE

This lawsuit arises from Plaintiff Gregory Stillman's allegation that he suffered a serious head injury when he walked into Defendant Wal-Mart Stores East I, LP's Garden Center and his head came into contact with an overhead door.

Now before the Court is the Defendant's Motion in Limine (Doc. 73) seeking pretrial rulings excluding evidence on thirteen different topics. Plaintiff's response (Doc. 78) indicates that he does not intend to introduce evidence on many of these topics, so the Court's ruling only addresses contested issues.[1] The numbers below refer to the numbers used in Defendant's motion.

**2.      Evidence that Plaintiff's injuries negatively impacted his employment.**

The parties agree that Plaintiff has withdrawn his claim for lost wages and lost earning capacity, but disagree whether evidence that Plaintiff's injuries negatively impacted his employment should be excluded.

---

[1] Plaintiff does not contest that the following should be excluded: any evidence of his lost wages or lost earning capacity; evidence that the accident "shattered" his sunglasses; evidence of settlement negotiations; evidence of the wealth or poverty of the parties; evidence or reference to other cases or claims against Wal-Mart; per diem and/or mathematical formula arguments for damages; and "Golden Rule" arguments by Plaintiff's counsel.

Defendant argues Plaintiff should be precluded from presenting evidence on this topic because he declined to produce evidence related to it during discovery.

Plaintiff denies that he declined to produce evidence on this topic during discovery. He also points out that his chronic neurological symptoms resulting from the accident do not "turn off" when he goes to work, and the Court should not prohibit him from testifying about his symptoms during a substantial portion of his waking hours. Plaintiff states he does not intend to testify that the injuries were the cause of his termination from his previous job, or that he could not obtain new employment because of his injuries, but that he should be permitted to testify about the impact his injuries have had on his day-to-day life, including his life at work.

The Court takes this portion of the motion under advisement because its ruling will likely turn on the precise question asked, the context in which it is asked, and the purpose for which the testimony is offered. Thus, the Court does not have sufficient information to rule on this issue at the present time.

During trial, Plaintiff shall approach the bench and notify the Court and opposing counsel before eliciting testimony on this topic.

**4.** **Exclusion of other witnesses or evidence not identified or produced during discovery.**

This portion of the motion seeks to exclude "other witnesses or evidence not identified or produced during discovery," but Defendant has not identified a particular witness or piece of evidence it seeks to exclude. This portion of the motion is denied without prejudice because the Court does not rule on abstract questions.

That said, the Court notes Federal Rule of Civil Procedure 37 generally forbids a party from using information or testimony not disclosed during discovery, and the Court will enforce this Rule.

**6. Evidence that shortly after the accident, an assistant store manager attempted to raise the garage door back up before locking it into place, and it slipped back down again.**

Defendant seeks to exclude a surveillance video showing that after the accident an assistant store manager attempted to raise the garage door back up before locking it into place, but it slipped back down again, allegedly into the position it was in when it came into contact with Plaintiff's head. Defendant moves to exclude this video, contending it shows a subsequent remedial measure.

Defendant is mistaken. Such evidence is not a subsequent remedial measure because it does not show a subsequent repair, installation of a safety device, or a change in safety rules.

This portion of the motion is denied.

**7. Evidence of Defendant's policies and procedures regarding roll doors, as well as evidence of repairs performed on other roll doors in the Garden Center.**

Defendant moves to exclude all evidence of any of its policies and procedures regarding doors in the Garden Center, as well as work orders for repairs performed on other roll doors in the garden center, arguing the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and waste of time.

Defendant also contends that work orders for repairs performed on other roll doors in the Garden Center are not relevant because these other doors are of different construction and placement, hence this evidence is irrelevant, and the probative value of any such evidence is substantially outweighed by the danger of confusion of the issues.

3

Plaintiff responds that Defendant has not identified a particular policy, procedure, or work record it seeks to exclude, and Defendant's request—if granted—would exclude records which are plainly relevant, such as Defendant's incident report concerning the accident at issue. Plaintiff also argues Defendant has produced policies that are directly applicable to the claims and defenses in this case, such as Defendant's policies regarding doors and warning signs. Defendant's request would also preclude Plaintiff from cross examining Defendant's corporate representative on Defendant's lack of policies dictating how high the overhead door at issue was supposed to be raised.

The Court notes Defendant has not identified a particular witness or piece of evidence it seeks to exclude, and the Court will not rule on abstract questions. This portion of the motion is denied without prejudice.

**9. Evidence of medical treatment or bills not disclosed during discovery.**

Plaintiff objects to this motion insofar as it might be construed to preclude evidence concerning his ongoing injuries, pain and suffering, and continued medical treatment. Plaintiff asserts Defendant has obtained, and continues to obtain, the medical records related to Plaintiff's ongoing treatment.

This portion of Defendant's motion is granted, except Plaintiff is not precluded from offering evidence of his ongoing injuries, pain and suffering, and continued medical treatment.

**10. Evidence of medical charges or bills other than the amount actually paid.**

Defendant moves to exclude the amount Plaintiff was *billed* as evidence of the actual cost of medical care he received. Defendant argues that under recently revised Missouri Revised Statute § 490.715.5, the parties are only allowed to present evidence of the "actual cost" of the

4

medical care rendered to Plaintiff, with "actual cost" defined as "a sum of money not to exceed the dollar amounts paid by or on behalf of a plaintiff or patient whose care is at issue plus any remaining dollar amount necessary to satisfy the financial obligation for medical care or treatment by a health care provider after adjustment for any contractual discounts, price reduction, or write-off by any person or entity." Mo. Rev. Stat. § 490.715.5.

Plaintiff argues the amount he was billed is admissible, pointing to a Missouri Court of Appeals case holding that "Section 5 does not preclude a plaintiff from introducing the amounts charged by the health care providers. It merely provides a means for a party to introduce the 'actual costs of medical treatment.'" *Brancati v. Bi-State Development Agency*, 571 S.2d.3d 625, 634-35 (Mo. Ct. App. 2018). The *Brancati* court reasoned that

> The legislature's use of the term "may" makes it clear that the legislature was not indicating the actual costs of medical treatment was the *only* evidence of medical bills to be allowed. Rather, Section 5 simply provides a means for introducing evidence of the "actual cost of medical care or treatment" which would otherwise be inadmissible due to the collateral source rule. There is no language in the statute mandating that the actual cost of medical care and treatment as defined by Section 5, subsection 2 is the only allowable evidence of medical bills.

*Id*. at 635.

This Court reads the statute differently. The legislature's use of the term "may" in Section 5 creates an exception to the rule announced in Section 1 that no evidence of collateral sources is admissible. This exception is that "parties may introduce evidence of the *actual cost* of the medical care or treatment rendered to a plaintiff or a patient whose care is at issue." Mo. Rev. Stat. § 490.715.5(1) (emphasis added). The statute defines "actual cost" as "a sum of money not to exceed the dollar amounts paid by or on behalf of a plaintiff or patient whose care is at issue

5

plus any remaining dollar amount necessary to satisfy the financial obligation for medical care or treatment by a health care provider after adjustment for any contractual discounts, price reduction, or write-off by any person or entity." *Id.* The definition of "actual cost" does not include "amounts billed or amounts charged by a provider" (or any such equivalent language), and so the amount billed is not part of the exception. Thus, it is not admissible as evidence of the actual cost of the medical care or treatment rendered.

Even if evidence of the amount billed was not precluded by § 490.715, the Court would reach the same result under a different analysis. Pursuant to Federal Rule of Evidence 403, a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of confusing the issues or misleading the jury. Evidence of the amount Plaintiff was billed may be relevant to the actual cost of his medical treatment—the amount billed is usually at least loosely related to the actual cost of medical care received. But the probative value of this evidence here is substantially outweighed by the danger of confusing the issue or misleading the jury about what the actual cost of the care received was. When a hospital issues a $200,000 bill for medical care and the bill is completely satisfied by a $70,000 payment, the actual cost of the care received is $70,000. Any evidence or argument to the contrary is confusing and misleading.

Accordingly, this portion of Defendant's motion is granted. Only the amounts paid or outstanding after write-offs and contractual adjustment will be allowed as evidence of the actual cost of Plaintiff's medical care. *See Smith v. Toyota Motor Corp.*, No. 2:16-CV-24-ERW, 2018 WL 1806698, at *6 (E.D. Mo. April 17, 2018); *Covey v. Wal-Mart Stores East, L.P.*, No. 16-1262-CV-W-ODS, 2017 WL 6459811, at *4 (W.D. Mo. December 18, 2017).

**IT IS SO ORDERED.**

Date: July 31, 2020          /s/ Greg Kays
                             GREG KAYS, JUDGE
                             UNITED STATES DISTRICT COURT

7