IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY STILLMAN, | ) | |
| | ) | |
| | ) | 4:19-cv-00222-DGK |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| WAL-MART STORES EAST I, L.P., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S TRIAL BRIEF

Plaintiff Gregory Stillman, through undersigned counsel, respectfully submits this trial brief pursuant to the scheduling order. This brief: 1) provides the Court background of the underlying accident giving rise to this action and identifies the primary evidence Plaintiff will present at trial; and 2) identifies legal and evidentiary issues that Plaintiff believes will arise at trial, and which the Court is likely to be asked to rule upon.

**I.  Background and Key Evidence**

This is a premises liability case with a single negligence claim brought under Missouri common law. *See* Plf.'s Schedule of Claims, Dkt. 82; Am. Petition, Dkt. 9. On March 9, 2018, Plaintiff Gregory Stillman was entering the Walmart in Raytown, Missouri, when his head struck a low hanging overhead door at the entrance to the Garden Center. The primary liability evidence at trial will consist of the testimony of Plaintiff; the testimony of Defendant Walmart Stores East, through its corporate representative; and several surveillance videos taken from inside the store and vestibule, which captured the incident. Plaintiff anticipates liability will be a contested issue.

Plaintiff will present evidence that the impact caused him to suffer a concussion, that he has suffered chronic neurological symptoms consistent with a traumatic brain injury, including

1

sleep disturbances, ear ringing, and migraines, and that the impact caused a mass on his scalp that is still present over two years after the accident. Plaintiff's medical expert, Dr. Eva Henry, a neurologist, will testify (via pre-recorded video) as to the extent of Plaintiff's injuries and the ongoing medical issues caused by the accident. Plaintiff anticipates Defendant will dispute the cause and extent of Plaintiff's damages through its two medical experts, Dr. Sand and Dr. Caffrey.

## II. Evidentiary Issues

Based on the parties' pre-trial filings, and recent meet-and-confers concerning the same, Plaintiff anticipates the following evidentiary issues maybe raised at trial:

1. Plaintiff anticipates Defendant will attempt to introduce evidence regarding Mr. Stillman's financial status. Although Defendant filed a motion in limine "to Exclude Evidence Concerning the Wealth or Poverty of the Parties," which was granted on July 31, 2020 (Dkt. 95), Defendant's deposition designations include multiple instances where Mr. Stillman's financial status or income is explicitly discussed. *See* Def.'s Am. Deposition Designations (Dkt. 101) (designating deposition of Dr. Henry at 55, during which Defense counsel states, "…didn't he report that he had received raises of almost $20,000 since the date of the incident…"), (designating testimony of Plaintiff at 22–23 during which Defense counsel asks Plaintiff to state his salary and salary history), (designating testimony of Plaintiff at pages 157, 158, 161, 203, and 209, during which Plaintiff provides testimony regarding his ability or inability to pay co-pays for certain medical treatment). Plaintiff has objected to these designations. *See* Dkt. 98. However, during a meet and confer on August 3, 2020, Defendant declined to withdraw the designations, despite the Court's ruling on the motion in limine. Accordingly, Plaintiff anticipates this issue may arise during trial.

2. Plaintiff expects Defendant to call Dr. John Sand as an expert retained by Defendant. However, to date, Defendant has failed to comply with the requirements of Rule 26(2)(B) with respect Dr. Sand's report.[1] First, Dr. Sand's report fails to clearly state which medical records Dr. Sand was provided with and relied upon: these records are not referenced by Bates numbers in Dr. Sand's report and Defendant did not produce to Plaintiff a copy of the documents sent to Dr. Sand. Next, Defendant failed to produce a list of the cases in which Dr. Sand has testified over the last 4 years, or a list of publications authored by Dr. Sand within the last 10 years (assuming he has been published). Plaintiff has requested Defendant rectify these deficiencies immediately.

Date: August 4, 2020

Respectfully submitted,

**MONTEE LAW FIRM, P.C.**

/s/ *Jeffrey P. Blackwood*
Jeffrey P. Blackwood, MO #71445
Amanda J. Blackwood, MO #65054
James Montee, MO #33489
P.O. Box 127
St. Joseph, MO 64502
(816) 364-1650
(816) 364-1509 (fax)
jblackwood@monteelawfirm.com

*Counsel for Plaintiff Gregory Stillman*

---

[1] During a telephonic meet and confer on August 3, 2020, Plaintiff's counsel requested Defendant comply with Rule 26 with respect to its experts. On August 4, 2020, Defendant sent Plaintiff Dr. Sand's CV. However, the deficiencies outlined above remain.