**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **GREGORY STILLMAN,** | ) | |
| | ) | |
| | ) | **4:19-cv-00222-DGK** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **WALMART STORES EAST I, L.P.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S EXPERT, DR. JOHN SAND AND MOTION TO LIMIT
THE TESTIMONY OF DEFENDANT'S EXPERT, DR. PATRICK CAFFREY**

Plaintiff filed the present motion two days after learning that Defendant's experts: (1) considered records that they did not identify in their reports pursuant to Rule 26, despite that the records were available to Defendant prior to the experts' January 10, 2020 reports; and (2) that Defendant's experts intend to offer opinion testimony that was not disclosed in their January 10, 2020 reports. These opinions also have not been disclosed to Plaintiff pursuant to Rule 26(e)'s provision for supplemental disclosures. As a remedy for Defendant's violations, the Court should strike the testimony of Dr. Sand and limit the testimony of Dr. Caffrey.

**I.      Defendant's Violation of Rule 26(a)(2)(B)**

Defendant violated Rule 26 on August 4, 2020 by sending both its experts medical records to review and consider a week before trial. Defendant did so without seeking leave of Court, without any attempt to comply with Rule 26's expert disclosure and supplementation requirements, and without affording Plaintiff the opportunity to object.

Defendant's opposition focuses on a *subset* of records provided to its experts on August 4, 2020, but is void of any explanation as to Dr. Sand and Dr. Caffrey were also sent Research

Medical Center and Fairway Eye Center one week before trial.[1] As explained, Dkt. 110 at ¶ 8 and Dkt. 111 at 6, Defendant could have provided these records to its experts timely for its Rule 26(a) disclosures and did not.

Defendant takes the position that providing an expert new material on which to opine is acceptable at any time through trial, so long as the expert's ultimate conclusion does not change. This is contrary to the explicit requirements and the spirit of Rule 26. Expert disclosure requirements are meant to avoid the precise situation Defendant has created by providing *both* of its experts with new materials the week before trial without following procedural requirements.

This violation of the Rule 26(a) is particularly damaging with respect to Dr. Sand because his opinions are based *exclusively on review of medical records*. That Dr. Sand will conclude Plaintiff did not suffer a brain injury does not mean that there has been no substantive change to his opinion or Defendant's previous disclosures required by Rule 26(a). *See* Dkt. 111 at 7. As a remedy for this violation, Plaintiff requests the Court strike Dr. Sand.[2]

Plaintiff cannot "unring the bell." Had Defendant disclosed its intent to send the records to Dr. Sand untimely, or sought Court approval before doing so, Plaintiff could have objected before the damage was done. Defendant could also simply have just not sent the records to its experts, knowing that the opportunity to do so had passed, and it would be untimely one week prior to trial. Now, Dr. Sand has reviewed the records and his testimony necessarily will consider and be based on those records. At this juncture, striking Dr. Sand is the appropriate remedy.

---

[1] Defendant states it obtained the records on December 11, 2019. Dkt. 113. Plaintiff would have had no way of knowing what date Defendant received them. However, it does not change the point. Defendant had the records before it produced the expert reports on January 10, 2020 but did not have the experts review the records or include disclosure of their review. Defendant violated Rule 26(a)(2)(B).

[2] Defendant suggests this remedy needed to be requested at the time motions in limine were filed, Dkt. 113 at 2. However, Defendant did not disclosure its violation of Rule 26(a) until August 4, 2020—after the deadline for motions in limine and motions to strike experts had passed, as well as the pretrial conference.

As a remedy with respect to Dr. Caffrey, Plaintiff seeks to limit his testimony to the findings of his in-person independent medical examination (IME). Unlike Dr. Sand, Dr. Caffrey can still provide testimony (regarding his IME) that can be separated from the subject of Plaintiff's medical record review. Accordingly, limiting Dr. Caffrey's testimony in this way avoids prejudice from the disclosure violations with respect to the records review, but will allow Defendant to present the remaining opinions of its expert

## II.     Defendant's Failure to Supplement Pursuant to Rule 26(e).

Defendant states that it has not supplemented its expert reports. Plaintiff agrees: Defendant has not followed the procedural requirements for a supplement under Rule 26(e) or the Scheduling Order. However, a supplement should have been required because Defendant (1) changed the material on which its experts reviewed and (2) changes the scope of its experts anticipated opinion testimony. *See* Dkt. 111 2–3.

Defendant argues that a supplement would be warranted under Rule 26(e) with respect to the new medical records from Midtown Neurology, KC Neurology and Atlanta Comprehensive Neuropsychology. However, Defendant does not explain *why* Defendant failed to request a supplement under the Rule or the Scheduling Order or to provide one. *See* Dkt. 113.

Defendant's refusal to follow the disclosure requirements of Rule 26(a) and subsequently Rule 26(e) is highly prejudicial. Days prior to trial, Plaintiff still does not have a signed Affidavit from Dr. Sand or Dr. Caffrey providing the documents they reviewed and relied on, or the scope and substance of their opinions.

Even after the filing of Defendants opposition, it remains unclear what testimony and opinions Defendant's experts now have, particularly with respect to the Atlanta Comprehensive records, which Defendant previewed in its Trial Brief. If Defendant intends to have its experts

recite the opinions of Dr. King at Atlanta Comprehensive Neuropsychology, the testimony is improper under Rule 703, as explained at Dkt. 111 at 10. This is further reason to preclude the experts from testifying regarding these records.

If Defendant's experts intend to offer substantive opinions beyond recitation of Dr. King's findings, those have not been disclosed. Accordingly, neither expert should be permitted to discuss these records or findings, as Defendant suggests it will in its Trial Brief.

## CONCLUSION

For the foregoing reasons and those stated in Plaintiff's Motion and Memorandum, Dkt. 110 and Dkt. 111, the Court should strike the testimony of Dr. Sand and limit the testimony of Dr. Caffrey to the findings of his independent medical examination.

Date:  August 8, 2020

Respectfully submitted,

**MONTEE LAW FIRM, P.C.**

/s/ *Amanda J. Blackwood*
Amanda J. Blackwood, MO #65054
James Montee, MO #33489
Jeffrey P. Blackwood, MO #71445
P.O. Box 127
St. Joseph, MO 64502
(816) 364-1650
(816) 364-1509 (fax)
ablackwood@monteelawfirm.com

*Counsel for Plaintiff Gregory Stillman*