IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GREGORY STILLMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-0222-DGK |
| WAL-MART STORES EAST I, LP, | ) ) ) |
| Defendant. | ) |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE ONE EXPERT AND LIMIT TESTIMONY OF ANOTHER

Now before the Court is Plaintiff's Motion to Strike Defendant's Expert, Dr. John Sand, And Motion to Limit the Testimony of Defendant's Expert, Dr. Patrick Caffrey (Doc. 110). Plaintiff argues Defendant has filed supplemental expert reports demonstrating that it anticipates the trial testimony of Dr. Sand and Dr. Caffrey will be different than indicated in their expert reports. As a remedy, Plaintiff seeks to exclude Dr. Sand's testimony and limit Dr. Caffrey's. The motion is granted in part for the following reasons.

On January 10, 2020, Defendant produced to Plaintiff the expert reports of Dr. Sand and Dr. Caffrey. Both reports identified all records the experts reviewed in forming their opinions.

On August 4, 2020, Defendant provided to Plaintiff by email supplemental information concerning its experts, which included the following:

> As for facts or data considered by each, those documents are listed in their respective reports. However, in addition to those documents, we have also provided Drs. Caffrey and Sand the medical records obtained since they were provided the documents listed in their report. Those records are: Research Medical Center (CONFIDENTIAL Defendant-Stillman 582-611); Fairway Eye Center (CONFIDENTIAL Defendant-Stillman 576-579); Midtown Neurology Records (CONFIDENTIAL Defendant-Stillman 537-

575); KC Neurology Associates (Plaintiff 314-317); Atlanta Comprehensive Neuropsychology (CONFIDENTIAL Defendant-Stillman 612-625). Both [experts] have stated that these records do not change their opinion as expressed in their respective reports.

Also on August 4, Defendant filed its pretrial brief. In relevant part, it states:

> Dr. Caffrey will testify regarding his evaluation of Plaintiff's medical records and his neuropsychological examination of Plaintiff and his findings following that examination, as well as the neuropsychological examination performed by Plaintiff's treating physician, Dr. Jason King at Atlanta Comprehensive Neuropsychology on June 3, 2020.
>
> Defendant will also introduce evidence regarding Plaintiff's medical treatments and evaluations, including the causation and extent of his alleged damages, through the testimony and report of its expert neurologist, Dr. John Sand . . . Dr. Sand will testify regarding his evaluation of Plaintiff's medical records, the neuropsychological examination performed by Dr. Caffrey, his findings and impact on his evaluation of Plaintiff's neurological health, as well as the neuropsychological examination performed by Dr. King at Atlanta Comprehensive Neuropsychology on June 3, 2020, and the impact of those findings on his evaluation of Plaintiff's neurological health.

Def.'s Tr. Br. at 2-3 (Doc. 106).

Plaintiff objects, arguing Defendant should not be permitted to show its experts additional reports after they completed their reports, at least some of which—such as records from Plaintiff's January 23, 2015, eye examination at Fairway Eye Center—were available prior to January 2020. Plaintiff contends Defendant violated Rule 26(a) and (e) by providing Dr. Sand with more records to consider. Plaintiff argues Dr. Sand is now taking into consideration records that predate and postdate his January 10, 2020, report, and he will present opinions that were not previously disclosed, prejudicing him. With respect to Dr. Caffrey, Plaintiff contends he also should not be allowed to testify about medical records which were previously available, but only recently

reviewed. Plaintiff also argues Caffrey should not be permitted to recite the opinion of Dr. King at Atlanta Comprehensive Neurology because Defendant has not disclosed what that is.

Defendant responds that neither Dr. Sand nor Dr. Caffrey have supplemented their expert reports or changed their opinions, and that none of the above five records listed above were received in time for Defendant to provide them to the experts before their reports were due. Defendant contends it initially requested the records from Fairway Eye Center on October 9, 2019, but never received a response, and so renewed its request on July 14, 2020. It received the records on July 22, 2020, and provided copies to Plaintiff on July 23, 2020. The Research Medical Center records were similarly delayed. Although the affidavit accompanying the records is dated November 22, 2019 (the date Plaintiff's cite in their motion and briefing), the records were not actually transmitted to Defendant until December 11, 2019, at which point Dr. Caffrey had completed his IME of Plaintiff. As for records generated by Plaintiff's recent treatment with KC Neurology, Midtown Neurology, and Atlanta Comprehensive Neuropsychology, their existence was only disclosed to Defendant on June 25, 2020, and Defendant obtained them as quickly as it could.

The Court rules as follows.

Plaintiff's request to exclude or limit the testimony of Drs. Sand and Caffery is DENIED except as follows: Defendant's experts shall be limited to testifying as to what was in their expert reports. They may not testify beyond what is contained in their expert reports, except that they may identify what additional records they have reviewed since authoring their reports, whether this caused them to change their opinions, and whether Dr. King's diagnosis and opinion is consistent with their diagnosis and opinion.

**IT IS SO ORDERED.**

3
Case 4:19-cv-00222-DGK   Document 123   Filed 08/10/20   Page 3 of 4

Date: August 10, 2020          /s/ Greg Kays
                               GREG KAYS, JUDGE
                               UNITED STATES DISTRICT COURT